FILED'06 SEP 29 15:36USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA J. HARDIN, as personal
representative of the Estate of
Bernadine Wynnyk, and as Trustee
of the Bernadine C. Wynnyk Trust,

         Plaintiff,

   v.

JACKSON COUNTY,

         Defendant.

Civil No. 00-3128-CO

ORDER AND
 FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

      Following the Court's ruling on defendant's motion to dismiss certain claims in plaintiff's third amended complaint, plaintiff's Fourteenth Amendment equal protection claim for arbitrary deprivation of property interest, and Fourteenth Amendment procedural due process claim remain pending.  As to her equal protection claim, plaintiff seeks a declaratory judgment that the demanded exactions of money and valuable services for road and intersection improvements is unlawful, and an injunction enjoining

enforcement of those demands; and, as to her procedural due process claim,

she seeks a declaratory judgment that the burden of proof procedures and

the one year procedure prohibiting the refiling of a land use application are

unlawful, and an injunction enjoining enforcement of those procedures.

Plaintiff also seeks other relief, including costs and disbursements, and

reasonable attorney fees. This Court has jurisdiction pursuant to 28 U.S.C.

§ 1331. Defendant has filed a motion for summary judgment (#143) and a

motion to strike (#160), which plaintiff opposes.

## I. **FACTS**

In making the following findings of fact, the Court considers the

evidence in the light most favorable to the non-moving party[1]:

_____

[1]   Defendant did not file a reply to plaintiff's additional facts set out in her
responsive concise statement, as required by Local Rule 56.1(b)(2) (moving party shall
reply to responding party's additional facts by replying to each numbered paragraph of
the proposed fact, accepting or denying each fact, or articulating opposition to the
party's contention or interpretation of the proposed fact). Defendant filed a motion to
strike the LaNier, Frank Hardin, and Robertson affidavits or portions thereof, and the
corresponding portions of plaintiff's "Concise Statement of Disputed Facts" (#160)
offered by plaintiff in response to defendant's motion. Plaintiff responds that
defendant's motion to strike is made without benefit of legal authority or analysis.
Because of the Court's disposition of the grounds for summary judgment raised by
defendant, infra, it addresses defendant's motion to strike only as to those facts
articulated by plaintiff which are pertinent to the Court's ruling. Defendant's motion to
strike the Robertson affidavit, paragraphs 8 and 10, is granted in part and denied in
part, as reflected in the Court's finding of facts. Defendant's remaining motion to strike
is denied as moot.

For the purposes of this motion, Bernadine Wynnyk, Sandra Hardin, and the
Bernadine C. Wynnyk Trust, where applicable, shall be referred to collectively as
"plaintiff."

Bernadine C. Wynnyk, now deceased, owned 156.06 acres of land in Jackson County, Oregon, located on Jackson Creek Road at Township 37 South, Range 3 West, Section 36, Tax Lot 10600, and Section 36D, Tax Lot 100 ("Property"). (Third Am. Compl. ¶ 7.) The Property is commonly known as 685 Jackson Creek Road, a/k/a Jacksonville Reservoir Road ("Reservoir Road") and is zoned woodland resource. (Turiel Decl. ¶¶ 4-5.)

Plaintiff Sandra J. Hardin is the daughter of Bernadine C. Wynnyk and trustee of the Bernadine C. Wynnyk Trust, which now owns the Property. (Third Am. Compl. ¶ 1.)

Plaintiff is a shareholder of Jackson Creek Sand Company, an Oregon corporation. (Newell Decl. ¶ 2.)

In March 1999, Jackson Creek Sand Company applied for a conditional use permit (CUP) in order to extract aggregate resources from the Property. (Turiel Decl. ¶ 3 & Ex. 1.)

The Jackson County Comprehensive Plan, Transportation Element, Policy 5 ("Policy 5") states:

> POLICY: JACKSON COUNTY SHALL REQUIRE DEVELOPMENT PROPOSAL APPLICATIONS TO ASSESS THE DIRECT IMPACT AND CUMULATIVE IMPACT THAT NEW DEVELOPMENT WILL HAVE ON THE PUBLIC ROAD SYSTEM. LAND DEVELOPMENT WILL NOT BE PERMITTED UNLESS ADEQUATE TRANSPORTATION FACILITIES EXIST OR ARE ASSURED.

(Turiel Decl. ¶ 6 & Ex. 1.)

Defendant Jackson County denied the application in an Opinion and Final Order dated September 7, 1999, case number 1999-1-CUPA ("1999 Opinion"), finding that the application did not meet the approval standard of Policy 5 which requires adequate transportation facilities to exist or be assured before approving new development proposals.  (Turiel Decl. ¶ 6 & Ex. 2.)  The Jackson County Hearings Officer found in the 1999 Opinion that, due to the nature of the intersection of Reservoir Road with State Highway 238 and another intersecting road, Mary Ann Drive, the existing roads were inadequate for the proposed use, specifically the addition of increased heavy truck traffic on Reservoir Road caused by the proposed aggregate operation. (Turiel Decl. ¶ 6 & Ex. 2 at 19-21.)

Plaintiff appealed the hearings officer's 1999 Opinion to the Land Use Board of Appeals.  (Rinkle Decl. ¶ 3 & Ex. I.)

Plaintiff and defendant Jackson County entered into a settlement agreement on March 16, 2000 ("Settlement Agreement"), pursuant to which plaintiff withdrew her appeal and agreed to re-apply for a CUP in which she would agree to pay for all costs associated with (I) improving Reservoir Road and (ii) realigning the intersection of Reservoir Road with State Highway 238 and Mary Ann Drive.  (Rinkle Decl. ¶ 3 & Ex. 1.)  Pursuant to the Settlement

Agreement, defendant Jackson County agreed to promptly process plaintiff's application and waive all county-imposed application fees. (Rinkle Decl. ¶ 3 & Ex. 1.)

On or about March 27, 2000, plaintiff re-applied for a CUP to extract aggregate resources from the Property.  (Turiel Decl. ¶ 7 & Ex. 3.)

Defendant Jackson County denied the application in an Opinion and Order dated December 6, 2000, in case number 2000-4 CUPA-HO ("2000 Opinion"), finding that plaintiff, as applicant, had failed to demonstrate compliance with Policy 5 and had not shown that adequate transportation facilities existed or would be assured.  (Turiel Decl. ¶ 8 & Ex. 4.)  The Hearings Officer found that the applicant's statement in the application that Jackson Creek Sand Company would assume the cost of upgrading the road and aligning the three way intersection between Reservoir Road, State Highway 238, and Mary Ann Drive was not sufficient assurance of compliance with Policy 5 because there was no evidence in the record of what the necessary realignment of the intersection would entail, or how, or even whether, it could be accomplished. (Turiel Decl. ¶ 8 & Ex. 4 at 6-10.)  The Hearings Officer further found that the alternative transportation facilities proposed by the applicant at the hearing on the application were likewise not in compliance with the applicable provisions of the Jackson County Land

Development Ordinance (LDO) regarding impact on winter range of deer and elk. (Turiel Decl. ¶ 8 & Ex. 4 at 13-14.)

During the second CUP hearing, the City of Jacksonville made a motion that Ms. Wynnyk should not be allowed to pursue her CUP application because it had been filed within one year of the first, contrary to the LDO. When she prevailed on that motion, the City of Jacksonville filed a motion to reconsider, which was denied. (Turiel Decl. Ex. 4 at 2-4.) The Hearings Officer stated at the end of the second CUP denial that: "There are a number of other standards -- and arguments regarding those standards -- remaining. However, as in Wynnyk I it is unnecessary to address the remaining standards . . . ." (Turiel Decl. Ex. 4 at 14.)

Defendant Jackson County denied both CUPs one issue at a time. (Robertson Aff. ¶ 8.)

Plaintiff has not re-filed an application for a CUP to extract aggregate from the Property. (Turiel Decl. ¶ 10.)

Jackson County LDO section 285.070 was repealed in 2004. (Turiel Decl. ¶ 9.) Defendant Jackson County never gave plaintiff personal or public notice that it allegedly had repealed the one year refiling ban ordinance. (Robertson Aff. ¶ 8.)

No party other than plaintiff and Jackson Creek Sand Company has

Order and Findings and Recommendation - Page 6

filed a CUP application that would increase heavy truck traffic on Reservoir Road and have a comparable impact on the intersection of Reservoir Road, State Highway 238 and Mary Ann Drive.  (Turiel Decl. ¶ 11.)

Although plaintiff has not yet filed a third CUP application, she has two pending land use applications with defendant Jackson County seeking approval to commence her aggregate operation, an application for Post-Acknowledgment Plan Amendment (PAPA), and a Measure 37 claim. (Robertson Aff. ¶ 1.)  Plaintiff is doubtful that her PAPA claim will succeed in gaining her the right to commence the aggregate operation.  If the land use applications are denied, it is plaintiff's intent to refile a new CUP application, and a second one after that if necessary to correct alleged deficiencies with the first.  Plaintiff expects the Planning Department staff to again approve the new CUP.  (Robertson Aff. ¶ 10; Jewett Aff. ¶ 5 and Ex. 4.)

## II. <u>LEGAL STANDARDS</u>

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 636 (9th Cir. 2002).  The court cannot weigh the evidence or determine the truth but may only determine whether there is a

genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory

Order and Findings and Recommendation - Page 8

of the case.  THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991,

993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290

(1968).  Conclusory allegations, unsupported by factual material, are

insufficient to defeat a motion for summary judgment.  Taylor v. List, 880

F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by

affidavit or as otherwise provided by Rule 56, designate specific facts which

show there is a genuine issue for trial.  Devereaux, 263 F.3d at 1076.

## III.  DISCUSSION

Defendant seeks summary judgment as to plaintiff's third claim for

equal protection and fourth claim for procedural due process.  Plaintiff

responds that defendant asserts a very limited motion for summary judgment

and no summary judgment should be available on the limited grounds put

forward.  Specifically, plaintiff contends that her challenge to the allocation

of burden of proof by county ordinance has not been challenged and,

therefore, her due process claim cannot be dismissed on summary judgment.

In its reply, defendant addresses plaintiff's contention concerning allocation

of the burden of proof, to which plaintiff filed a surreply.

### Equal Protection Claim

Defendant contends that plaintiff's equal protection claim fails because

she cannot show that she has been treated differently than any similarly

situated party.  Plaintiff responds that she is proceeding under the "class of

one" doctrine, and that the factual class definition shown by defendant in its

motion does not meet defendant's burden so that it is entitled to summary

judgment.  Defendant replies that plaintiff's "class of one" claim does not

survive because she cannot show unequal treatment compared to members

of a similarly situated class.[2]

It has been stated that, "The Equal Protection Clause is intended to

protect every person within a state's jurisdiction 'against intentional and

arbitrary discrimination, whether occasioned by express terms of a statute or

by its improper execution through duly constituted agents.'" Jones v. City of

Modesto, 408 F. Supp.2d 935, 957 (E.D. Cal. 2005) (quoting (Village of

Willowbrook v. Olech 528 U.S. 562, 564 (2000)).  To state a § 1983 claim for

violation of the Equal Protection Clause,

> "'a plaintiff must show that the defendants acted with an intent
> or purpose to discriminate against the plaintiff based upon
> membership in a protected class.'"  "The first step in equal
> protection analysis is to identify the [defendants' asserted]
> classification of groups.'"  The groups must be comprised of

---

[2] In its reply, defendant also argues in a footnote that, although it had focused on
the "similarly situated" element of plaintiff's equal protection claim, "plaintiff has also
made an insufficient showing that plaintiff has been intentionally treated differently, or
that there was no rational basis for that treatment." (Def. Reply at 7 n.2.)  However,
because defendant neither argued these bases for summary judgment nor presented
any evidence as to these issues in its initial motion, plaintiff had no duty to address
these issues in her opposition, and they will not be addressed by the Court.

> similarly situated persons so that the factor motivating the alleged discrimination can be identified. An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff.

Thornton v. City of St. Helens, 425 F.3d 1158, 166-67 (9th Cir. 2005) (and cases cited). "The Clause protects a 'class of one' when a plaintiff can show that he or she has been intentionally treated differently than others similarly situated and there is no rational basis for the different treatment." Jones, 408 F. Supp.2d at 957 (citing SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002)). In order to prevail, "'the plaintiff must demonstrate that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant.'" Jones, 408 F. Supp.2d at 957 (quoting Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001)).

Plaintiff alleges in her third cause of action, Fourteenth Amendment Equal Protection Claim for Arbitrary Deprivation of Property Interest, that,

> 69. The final land use decisions of Jackson County constituted the unequal use of governmental power, by conditioning Plaintiff's mother's land use permit on the requirement that she pay for a traffic intersection design study, and expensive road improvements, while making no such demands of other persons and businesses using large trucks for timber, gravel removal, and other purposes on the same road, **and similarly situated persons and businesses using large trucks on**

**comparable roads within Jackson County.**

(Third Am. Compl. at 15-16 (emphasis added).)

In its motion for summary judgment, defendant argues and presents evidence that it "has not received any requests for conditional use permits from any party operating large trucks on Reservoir Road that would create similar traffic concerns at the intersections of Reservoir Road with State Highway 238 and Mary Ann Drive." (Def. Mem. at 4, referencing Def. Fact ¶ 19.) Defendant goes on to assert in the conclusion of its argument that it is entitled to summary judgment on plaintiff's equal protection claim: "Because each road is unique, with different intersections, safety issues, traffic patterns and the like, plaintiff cannot show any 'comparable' situations in which land owners have been treated differently." (Def. Mem. at 4.) However, defendant offers no evidence in support of this assertion.  In its reply, defendant argues that plaintiff is unable to show that there have been comparable applicants on comparable intersections; defendant references the Jewett declaration attached to the reply in support of an assertion that three aggregate operators in other parts of Jackson County were denied permits on the same grounds as plaintiff.

The Court finds that defendant fails to sustain its burden on summary judgment to address the issues raised by plaintiff in her equal protection

claim alleged in her complaint; the Court would be unable to grant summary judgment as a matter of law on the motion presented by defendant on this claim.  Therefore, the burden did not shift to plaintiff to present evidence which would show the existence of a genuine issue of material fact as to her equal protection claim.  Accordingly, defendant's motion for summary judgment as to plaintiff's equal protection claim should be denied.

## Due Process Claim

Defendant contends that plaintiff's procedural due process claim fails because there is no longer an ordinance barring plaintiff from re-filing her application for a conditional use permit. It contends that, assuming plaintiff has a protectible property interest, she has not been denied due process because she has the opportunity to re-apply for the conditional use permit, although she has apparently chosen not to do so.[3]  Plaintiff responds that her claim as to the one-year refiling period is not moot.  She further contends that, as the Ninth Circuit recognized in remanding for further proceedings, her due process claim includes two claims:  one challenging placement of the burden of proof, and a second challenging the one-year refiling period.  In reply, defendant asserts that the burden of proof issue is not necessary to the matters before the Court.  Defendant contends that plaintiff fails to articulate

---

[3] Defendant makes its motion on this issue without any citation to authority.

how its quasi-judicial procedure deprives an applicant of procedural due process. It further contends that the repeal of the challenged ordinance moots plaintiff's challenge of the law, and plaintiff does not show that she meets any exception to this general rule. In her surreply, plaintiff contends that her challenge to the allocation of burden of proof by county ordinance is supported by uncontroverted allegations in her complaint; the ordinance and the record show that, following approval of the CUP by the Jackson County Planning Department, the conditional use permit would have automatically become effective but for the appeal by the City of Jacksonville; and due process requires that the City of Jacksonville should have had the burden of proof in challenging the administrative decision granting the plaintiff's CUP application.

Due Process Claim - One-year refiling period

In her third amended complaint, plaintiff alleges that, "Under ordinance No. 285.070 of Jackson County, Plaintiff's mother had been prohibited from refiling her application for the denied conditional use permit for a period of one year from the date of all appeal rights being expired or exhausted." (Third Am. Compl. ¶ 41.) She further alleges that, since denial of the conditional use permit to her mother, she was prohibited by ordinance from resubmitting her land use application with necessary changes to meet County

Order and Findings and Recommendation - Page 14

standards, which could be reconsidered with certain other information. (Third Am. Compl. ¶ 71.) Plaintiff seeks a declaration, in pertinent part, that the procedures of Jackson County preventing her from timely filing a modified land use application, are unlawful and unenforceable, in violation of Fourteenth Amendment procedural due process.

A case is moot when "'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Shoshone-Bannock Tribes, 42 F.3d 1278, 1281 (9th Cir. 1994) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)); Headwaters, Inc. v. BLM, 893 F.2d 1012, 1014 (9th Cir. 1989) (and cases cited). In the Ninth Circuit, it is "clear that completion of activity is not the hallmark of mootness. Rather a case is moot only where no effective relief for the alleged violation can be given." Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1065 (9th Cir. 2002) (citing Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001)); Northwest Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244-45 (9th Cir. 1988)).

When a defendant argues that a claim is moot after it has voluntarily ceased the challenged conduct, a "'heavy burden'" is on defendant to show that the challenged conduct cannot reasonably be expected to start again. Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000); Friends of the

Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 170 (2000).

The standard for determining whether a case has been mooted by

defendant's voluntary cessation is "stringent," Friends of the Earth, 528 U.S.

at 189: "Voluntary cessation of challenged conduct moots a case, however,

only if it is '*absolutely* clear that the allegedly wrongful behavior could not

reasonably be expected to recur.'" Adarand Constructors, 528 U.S. at 222

(quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199,

203 (1968)); City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 n.10

(1982); Horizon Outdoor, LLC v. City of Industry, 228 F. Supp.2d 1113,

1117-18 (C.D. Cal. 2002) (and cases cited) (defendant must show that the

likelihood of further violations is "sufficiently remote").

Addressing whether an action was moot because the challenged statute

was repealed, the Ninth Circuit has stated:

> Generally, a case should not be considered moot if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time. Only if there is no reasonable expectation that the illegal action will recur is such a case deemed moot.
> A statutory change, however, is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed. As a general rule, if a challenged law is repealed or expires, the case becomes moot. The exceptions to this general line of holdings are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted. See, e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 [] (1982)

(repeal of city ordinance did not render challenge to ordinance moot where city was likely to reenact statute after completion of litigation).

Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994) (other citations omitted); Barilla v. Ervin, 886 F.2d 1514, 1521 (9th Cir. 1989), overruled on another ground by Simpson v. Lear Astronics Corp., 77 F.3d 1170 (9th Cir. 1996).

It is undisputed on the record that Jackson County Land Development Ordinance section 285.070 was repealed in 2004, and that plaintiff has not refiled an application for a conditional use permit to extract aggregate from the Property. In support of its motion, defendant relies on the declaration of Alwin Turiel, the Planning Manager for Jackson County Roads, Parks, and Planning Services, who declares that,

Following a process that lasted several years, Section 285.070 of the Jackson County Land Development Ordinance was first repealed in March 2004 and is not currently contained in the Jackson County Land Development Ordinance (Ordinance 2004-2RM, effective January 30, 2005). That section contained the one-year waiting period before an applicant could file another conditional use permit application.

(Turiel Decl. ¶ 9.) Defendant's evidence only refers to the repeal of section 285.070, however; defendant offers no evidence in support of its motion that there is no section in the current Jackson County Land Development Ordinance that imposes a one-year waiting period on filing a successive

Order and Findings and Recommendation - Page 17

conditional use permit application. However, in its reply, defendant offers

evidence that the "old land development ordinance" was the only ordinance

that contained a one-year waiting period for the refiling of a conditional use

permit application, and that the one-year waiting provision is not contained

anywhere in the new land development ordinance. (Jewett Decl. ¶ II.) Mr.

Jewett also declares that,

> I am aware of no suggestion from the County Commissioners or
> from any member of the public that the one-year waiting period
> for the re-filing of a conditional use permit application be
> reinstated, and it is my opinion that such a step will not be taken
> anytime in the foreseeable future.

(Jewett Decl. ¶ III.)

Plaintiff offers evidence that she had two pending land use applications

with Jackson County seeking approval to commence her aggregate operation,

and that she is doubtful that her Post-Acknowledgment Plan Amendment

claim will succeed.[4]  Plaintiff's evidence shows that, if her land use application

is denied, it is her intention to refile new CUP applications, if necessary to

correct alleged deficiencies.  She also offers evidence that defendant denied

both CUPs one issue at a time.

Significantly, there is no evidence in the record which supports an

---

[4]  Defendant offers the Jewett declaration in reply which indicates that plaintiff's
Measure 37 claim was not unsuccessful.

exception to the general rule that where a statute or ordinance is repealed, th claim is moot. See Blatchford, 38 F.3d at 1510; Covenant Media of Cal., L.L.C. v. City of Huntington Park, 377 F. Supp.2d 828, 836 (C.D. Cal. 2005) (and cases cited); Get Outdoors II, LLC v. City of Chula Vista, 407 F. Supp.2d 1172, 177-78 (S.D. Cal. 2005). Although plaintiff asserts that this case falls within the capable-of-repetition-yet-evading-review branch of the mootness doctrine, the record, by plaintiff's admission and, as found by the Court on defendant's motion to dismiss on this ground, this case does not meet the short durational requirement. See Blatchford, 38 F.3d at 1509-10. As to the voluntary cessation exception, there is no evidence that defendant Jackson County repealed the one-year refiling period in response to plaintiff's constitutional challenge. The record indicates that the repeal process began in approximately 1999, five years before the ordinance was repealed in 2004. (Turiel Decl. ¶ 9; Jewett Decl. ¶ II); this action was commenced in November 2000. Id. at 1511. Thus, there is nothing in the current record to show that defendant's motivation is suspect. See id. at 1511. There is no evidence in the record which shows a reasonable expectation that the repealed ordinance providing for a one-year waiting period will be reenacted. See id.

The cases which plaintiff relies on to show that her claim is not moot are distinguishable. In Aladdin's Castle, 455 U.S. at 289 & n.10, it was shown

Order and Findings and Recommendation - Page 19

that defendant had on a previous occasion, in response to the state court's judgment, eliminated plaintiff's exemption, thus reinstating the challenged requirement. Id. at 289. In Horizon Outdoor, 228 F. Supp.2d at 1117-19, in response to plaintiff's suit, defendant enacted an Urgency Ordinance and a New Ordinance; however, these ordinances retained provisions of the Sign Ordinance challenged by plaintiff. The court found that defendant had not met its burden of demonstrating that the likelihood of continued constitutional violations had not been met. Id. at 1119.

Accordingly, on this record, defendant's motion for summary judgment as to plaintiff's due process claim relating to the one-year refiling issue should be granted.

Due Process Claim - Burden of proof

In her third amended complaint, plaintiff also challenges the placement by ordinance of the burden of proof during the hearing process on her, rather than on the City of Jacksonville, which had filed the appeal from, and challenge to, defendant's tentative approval of the conditional use permit.

In response to defendant's motion on this ground, plaintiff correctly points out that defendant offers no concise statement of facts in support of summary judgment in its favor on this claim.

Notwithstanding the attitudes expressed by counsel at the hearing on

this motion, the Court declines to consider this issue for the reasons that defendant did not raise this issue until it filed its reply brief, after plaintiff had pointed out the deficiency; and defendant offers no concise statement of material facts in support of this issue, as required by Local Rule 56.1(a)(2) which requires that a concise statement articulating the relevant undisputed facts essential for the court to decide the motion be filed.  The Court is left to look for supporting facts on its own, which it has no duty to do.  Local Rule 56.1(e).  On this record, the Court finds that plaintiff's due process claim as to the burden of proof issue has not been presented to the Court by defendant in a posture which would allow resolution on summary adjudication.  Accordingly, to the extent that defendant moves for summary judgment on plaintiff's due process claim relating to the burden of proof issue, defendant's motion should be denied.

## IV. **ORDER**

Based on the foregoing, it is ordered that defendants' motion to strike [#160] is granted in part and denied in part, as stated herein.

## V. **RECOMMENDATION**

Based on the foregoing, it is recommended that defendants' motion for summary judgment (#143) be granted in part and denied in part: defendant's motion for summary judgment as to plaintiff's due process claim

Order and Findings and Recommendation - Page 21

relating to the one-year refiling period should be granted, and defendant's motion for summary judgment as to plaintiff's equal protection claim and plaintiff's due process claim relating to the burden of proof issue should be denied.

**This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and**

//
//
//
//
//

will constitute a waiver of a party's right to appellate review of the

findings of fact in an order or judgment entered pursuant to the

Magistrate Judge's recommendation.

DATED this _29_ day of September, 2006.

UNITED STATES MAGISTRATE JUDGE