IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SANDRA J. HARDIN, as personal representative of the Estate of Bernadine Wynnyk, and as Trustee of the Bernadine Wynnyk Trust,<br><br>                Plaintiff,<br><br>    v.<br><br>JACKSON COUNTY, a political subdivision of the State of Oregon,<br><br>                Defendant. | Civ. No. 00-3128-CO<br><br><br><br>ORDER |

Aiken, Judge:

On September 29, 2006, Magistrate Judge Cooney filed his Findings and Recommendation in the above-captioned case. Magistrate Judge Cooney recommends that defendants' Motion for Summary Judgment be granted as to plaintiff's due process claim

1    - ORDER

based on an ordinance imposing a one-year ban on reapplying for conditional use permits and denied with respect plaintiff's equal protection claim and due process claim based on the allocation of the burden of proof. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Here, plaintiff did not object to Magistrate Judge Cooney's recommendation that one of her due process claims be dismissed. Therefore, I need not conduct a de novo review of that portion of Magistrate Judge Cooney's Finding and Recommendation.

Defendant, however, objected to the Findings and Recommendation that its motion for summary judgment be denied as to plaintiff's equal protection claim and due process claim based on the allocation of the burden of proof. Thus, I give de novo review of Magistrate Judge Cooney's ruling denying defendant's motion for summary judgment on these claims.

Plaintiff alleges that defendant violated her rights to equal protection by treating her differently from similarly situated persons who sought a conditional use permit. To support her equal

protection claim, plaintiff relies upon the "class-of-one" theory. Under this theory, a plaintiff does not claim to be a member of a specific class that the defendant discriminates against, but rather argues that the defendant arbitrarily and without rational basis treated the plaintiff worse than someone similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam). To survive summary judgment on this claim, plaintiff must present evidence that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564.

Defendant argues that it is entitled to summary judgment on this claim, because plaintiff presents no evidence that defendant has treated her differently than a similarly situated party. I agree.

In her Third Cause of Action, plaintiff alleges that defendant has subjected her to arbitrary treatment through conditions attached to her application for a conditional use permit, and that defendant has not imposed similar requirements or conditions to other similarly situated parties seeking a conditional use permit. However, defendant maintains that plaintiff fails to identify other persons who sought a conditional use permit for a similar purpose but were not required to meet the same conditions imposed on plaintiff. See, e.g., Rui One Corp. v. City of Berkeley, 371 F.3d 1137, 1156 (9th Cir. 2004); Purze v. Vill. of Winthrop Harbor, 286

3   - ORDER

F.3d 452, 455 (7th Cir. 2002) (requiring a plaintiff to demonstrate that she was treated differently than someone who is "prima facie identical in all relevant respects"); <u>Neilson v. D'Angelis</u>, 409 F.3d 100, 104 (2d Cir. 2005) (citing <u>Purze</u> and stating that the similarity between the plaintiff and others "must be extremely high"). Defendant presents evidence that it has not received any requests for conditional use permits for the same purposes as plaintiff, and therefore, defendant argues, plaintiff cannot show that defendant intentionally treated her differently from others similarly situated.

In response, plaintiff quibbles with the with defendant's definition and scope of the applicable class of similarly situated persons; plaintiff maintains that similarly situated person are those who sought conditional use permits impacting Jackson County roadway under Policy 5. Regardless of how narrowly the court must define persons similarly situated to plaintiff, I agree with defendant that plaintiff has not shown that "any similarly situated party exists, much less that such a party has been treated differently." Defendant's Memo in Support of Motion for Summary Judgment, p. 3. In fact, defendant presents evidence that others who sought conditional use permits for purposes similar to those sought by plaintiff were denied on the same grounds as plaintiff. <u>See</u> Declaration of Michael Jewett (doc. 163), Exs. 1-3. Therefore, it is incumbent upon plaintiff to go beyond the allegations of her

complaint and present evidence showing a genuine issue of material fact as to whether defendant treated plaintiff differently than a similarly situated party.

"To defeat summary judgment the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, 'set forth specific facts showing that there is a genuine issue for trial.'" Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). "If the non-moving party fails to make this showing, 'the moving party is entitled to judgment as a matter of law.'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, (1986)). Here, plaintiff fails to do so. Plaintiff presents not a shred of admissible evidence that identifies a similarly situated party who sought a conditional use permit for a similar purpose and was treated differently than plaintiff. Therefore, plaintiff's equal protection claim cannot withstand summary judgment.

Defendant next objects to the denial of its motion for summary judgment as to plaintiff's due process claim based on burden of proof. Magistrate Judge Cooney declined to consider defendant's motion with respect to this claim, finding that defendant did not raise it in its opening memorandum and failed to file a concise statement of material facts with respect to this claim. However, I agree with defendant that whether it is constitutional to allocate the burden of proof to a permit applicant is a legal

5   - ORDER

rather than factual issue. Further, plaintiff sought and was granted leave to file a surreply and respond to defendant's argument on this claim, and therefore it is properly before the court.

Plaintiff alleges that Jackson County Ordinance No. 286.050 unconstitutionally allocates the burden of proof to the applicant of a conditional use permit to show that the approval criteria established for the permit have been met. Plaintiff does not contest any particular criteria that was applied to her application, but argues only that defendant could not require her to bear the burden of proof and present sufficient evidence to show that she had met all conditions attached to her permit. Plaintiff's claim is without merit.

Plaintiff cites no authority for the novel proposition that a local or state governmental authority cannot require a permit applicant to establish that all conditions of permit have been met. Instead, plaintiff argues that because defendant fails to challenge the factual allegations of her complaint, the court must accept all allegations as true. Plaintiff is correct, to a point. Undeniably, defendant does not dispute that Ordinance No. 286.050 allocates the burden of proof to the permit applicant -- in this case, to plaintiff (or her mother). What defendant contests is the legal conclusions contained in plaintiff's complaint that such an allocation of the burden of proof violates the Due Process Clause

of the Fourteenth Amendment. This is a legal question that does not require the court to make factual findings.

Plaintiff's reliance on <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976) and <u>Dolan v. City of Tigard</u>, 512 U.S. 374 (1994) is unavailing. Plaintiff does not allege or argue that she was denied the "opportunity to be heard 'at a meaningful time and in a meaningful manner,'" or that she was denied the right to present evidence in support of her application. <u>Mathews</u>, 424 U.S. at 333 Notably, unlike the facts in <u>Mathews</u>, defendant was not seeking to deprive plaintiff of a protected property interest; rather, it was plaintiff who sought to expand the uses of her property. <u>Id.</u> Likewise, <u>Dolan</u> is not applicable to this claim, because plaintiff is not challenging the validity of the approval criteria or conditions attached to the permit. See <u>Dolan</u>, 512 U.S. at 385-86; <u>Del Monte Dunes at Monterey, Ltd. v. City of Monterey</u>, 95 F.3d 1422, 1425-26 (9th Cir. 1996). Plaintiff only challenges the fact that she was required to present sufficient evidence that such criteria had been met.

Plaintiff cites no case and the court finds none outside the criminal context that holds a burden of proof allocation unconstitutional. <u>United States v. One Parcel of Property Located at 194 Quaker Farms Road</u>, 85 F.3d 985, 989 (2d Cir. 1996.) ("Generally, Congress may alter the traditional allocation of the

burden of proof without infringing upon the litigant's due process rights unless the statute is criminal in nature.").

THEREFORE, IT IS HEREBY ORDERED that Magistrate Judge Cooney's Findings and Recommendation (doc. 176) filed September 29, 2006, is ADOPTED, in part.  Defendant's Motion for Summary Judgment (doc. 143) is GRANTED as to plaintiff's equal protection claim alleged in the Third Cause of Action and both due process claims alleged in the Fourth Cause of Action.  Defendant's Motion to Strike (doc. 160) is DENIED as moot.

IT IS SO ORDERED.

Dated this **27** day of November, 2006.

_____
Ann Aiken
United States District Judge

8   - ORDER